IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOCK McNEELY,

      Petitioner,

  v.

KEVIN CHAPPELL, Warden,

      Respondent.

_____/

Nos. C 12-1483 CW (PR)
     C 12-2599 CW (PR)

ORDER DENYING RECONSIDERATION;
DISMISSING C 12-2599 CW (PR)
AS DUPLICATIVE; TERMINATING
ALL PENDING MOTIONS

On March 23, 2012, Petitioner, a state prisoner incarcerated at San Quentin State Prison, filed McNeely v. Chappell, C 12-1483 CW (PR), a pro se petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging the validity of his confinement. On April 9, 2012, the Court reviewed the petition and ordered the matter transferred to the United States District Court for the Eastern District of California, finding as follows:

> In 2000, Petitioner sought habeas corpus relief in the United States District Court for the Eastern District of California, challenging the constitutional validity of his five-year pretrial detention on criminal charges filed in Sacramento County Superior Court. The Eastern District denied relief, but the Ninth Circuit Court of Appeals found that Petitioner had been denied his constitutional right to a speedy trial, reversed the district court and ordered Petitioner's immediate release from custody, with prejudice to re-prosecution of the criminal charges. See McNeely v. Blanas, 336 F.3d 822, 832 (9th Cir. 2003).

> In the instant petition, Petitioner appears to allege that he was re-arrested by Sacramento police and currently is imprisoned as a pretrial detainee on the same criminal charges, in violation of the Ninth Circuit's ruling.

> A habeas petition by a state pretrial detainee properly is brought under 28 U.S.C. § 2241. See Hoyle v. Ada County, 501 F.3d 1053, 1058 (9th Cir. 2007). In a state containing more than one federal district, the petition may be filed in either the district of

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

confinement or the district of conviction.  28 U.S.C.
§ 2241(d).  Although each district has concurrent
jurisdiction to entertain the petition, the district
court for the district where the petition is filed "in
the exercise of its discretion and furtherance of justice
may transfer the application to the other district court
for hearing and determination."  Id.

        Here, Petitioner is confined within the venue of the
Northern District, but he is challenging the validity of
criminal charges filed against him in the Eastern
District.  He maintains that those charges were filed in
violation of the Ninth Circuit's ruling granting relief
to Petitioner in his previous habeas action filed in the
Eastern District.  Consequently, the Court finds that the
petition should be heard in the Eastern District.

        Accordingly, pursuant to 28 U.S.C. § 1404(a), and in
the interest of justice, the Clerk of the Court is
ordered to TRANSFER this action forthwith to the United
States District Court for the Eastern District of
California.

Order at 1:14-2:20.

Petitioner has moved for reconsideration of the Court's order

transferring the petition, arguing the petition properly is brought

in the Northern District because he is not challenging the criminal

charges against him, but, rather, is challenging his physical

confinement.

The motion is DENIED.  Petitioner states in the petition that

in 2008 he was arrested by the Sacramento County Sheriff's

Department based on erroneous information in the Department's

database that did not reflect accurately the disposition of his

prior criminal case.  Although he does not explain the precise

grounds for his arrest and current incarceration, his request for

habeas relief is based on his contention that his confinement

violates the Ninth Circuit's ruling in his case in McNeely v.

Blanas, 336 F.3d 822 (9th Cir. 2003).  As Petitioner has not

provided any information that indicates he is incarcerated because

2

1  of criminal charges brought, or a criminal conviction obtained, in

2  the Northern District, the Court will not reconsider its prior

3  ruling that the proper venue for this petition is the Eastern

4  District.

5        Petitioner recently filed another habeas petition, <u>McNeely v.</u>

6  <u>Chappell</u>, C 12-2599 CW (PR), which raises the same claims as the

7  petition in C 12-1483.  Accordingly, that petition is hereby

8  DISMISSED as duplicative.

9                              CONCLUSION

10       For the foregoing reasons, the Court orders as follows:

11       1.  Petitioner's motion for reconsideration in <u>McNeely v.</u>

12  <u>Chappell</u>, C 12-1483 CW (PR) is DENIED.

13       2.   The petition filed in <u>McNeely v. Chappell</u>, C 12-2599 CW

14  (PR) is DISMISSED as duplicative.  The Clerk of the Court shall

15  enter judgment in that case and close the file.

16       3.   The Clerk shall TERMINATE all pending motions in both

17  cases.

18       IT IS SO ORDERED.

19  Dated:  5/25/2012

                                    CLAUDIA WILKEN
20                                   UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California